UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHELLE LOPEZ and JOSEPH GIUFFRE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>-against-<br><br>NEW YORK COMMUNITY BANCORP, INC., NEW YORK COMMUNITY BANK, and NEW YORK COMMERCIAL BANK,<br><br>Defendants. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, MICHELLE LOPEZ ("Lopez") and JOSEPH GIUFFRE ("Guiffre"), along with any other similarly situated employees who may join this action (collectively "Plaintiffs"), by their attorneys, Shavitz Law Group, P.A. upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## INTRODUCTION

1.      Plaintiff Lopez, who was employed as an "Assistant Branch Manager" with Defendants, New York Community Bancorp, Inc., New York Community Bank and New York Commercial Bank (hereinafter, collectively, "New York Community Bank") brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*. on behalf of herself and all similarly situated current and former Assistant Branch Managers, Branch Operations Coordinators and/or in similar job positions with different titles (collectively, "ABMs") who suffered damages as a result of Defendants' violations of the FLSA.

2.      Plaintiff Lopez and Plaintiff Guiffre, who also was employed as an ABM with New York Community Bank, also bring this action on behalf of themselves and all similarly situated current and former ABMs who worked for Defendants in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142 *et seq.* (collectively, the "New York Wage Laws").

3.      As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and NYLL by failing to pay Plaintiffs and all other similarly situated employees for all of their overtime hours worked based upon its unlawful policies and practices.

4.      While Defendants required Plaintiffs and the similarly situated employees to work overtime hours, as more fully described herein, they required Plaintiffs to work off the clock. Accordingly, Defendants failed to credit – and therefore compensate – Plaintiffs and other similarly situated employees for all of their hours worked.

5.      Plaintiffs have retained the law office of Shavitz Law Group, P.A. them in this matter.

## THE PARTIES

### *Plaintiffs*

*Michelle Lopez*

6.      Plaintiff Lopez worked for Defendants as a non-exempt, hourly paid ABM at one of Defendants' branch locations in Queens, New York from approximately March 2012 to November 2018.

7.      Plaintiff Lopez's last rate of pay was approximately $22.98 per hour.

8.     During workweeks that she worked at least five days/shifts, Lopez worked overtime hours off the clock.  Lopez estimates that, on average, she worked approximately five overtime hours per week.

9.     Specifically, during the week of August 6, 2017 through August 12, 2017, Lopez worked approximately 45 hours, but was not paid for 5 hours of overtime during that workweek.

10.     While she worked off the clock, Lopez performed her usual duties of an hourly paid ABM, such as performing security sweeps, working the teller line, accepting shipments, and balancing teller drawers.

11.     Lopez estimates that for each workweek that she worked at least five (5) days/shifts, her average amount of uncompensated wages owed (not including liquidated damages) to her based upon off  the clock overtime hours worked to be approximately $172.35 (5 hours of unpaid overtime per week at an overtime rate of $34.47/hour).  This amount does not include liquidated damages and other statutory damages which Lopez is entitled to under the FLSA and state law

12.     Plaintiff Lopez's written consent to join this action is attached as Exhibit A.

*Joseph Giuffre*

13.     Plaintiff Guiffre worked for Defendants as a non-exempt, hourly paid ABM at one of Defendants' branch locations in Woodbury, New York from approximately August 2015 to May 2017.

14.     Plaintiff Guiffre last rate of pay was approximately $27.32 per hour.

15.     During workweeks that he worked at least five days/shifts, Guiffre worked off the clock.  Guiffre estimates that, on average, he worked approximately five overtime hours per week without pay.

- 3 -

16.     Specifically, during the week of July 9, 2017 through July 16, 2017, Lopez worked approximately 45 hours, but was not paid for 5 hours of overtime during that workweek.

17.     While he worked off the clock, Guiffre performed his usual duties of an hourly paid ABM, such as performing security sweeps, working the teller line, opening and closing account, accepting shipments, and balancing teller drawers.

18.     Guiffre estimates that for each workweek that he worked at least five (5) days/shifts, his average amount of uncompensated wages owed (not including liquidated damages) to her based upon off the clock overtime hours worked to be approximately $204.90 (5 hours of unpaid overtime per week at an overtime rate of $40.98 /hour).  This amount does not include liquidated damages and other statutory damages which Guiffre is entitled to under the FLSA and state law.

### *Defendant*

19.     New York Community Bank, which is headquartered in Westbury, New York, operates retail bank branches in Florida, Arizona, New Jersey, New York, and Ohio.

20.     New York Community Bank had gross revenues exceeding $500,000 for all relevant periods herein.

21.     The overtime wage provisions set forth in §§ 201, *et seq*., of the FLSA and NYLL apply to New York Community Bank.

22.     New York Community Bank was the employer of Plaintiffs and was and/or is the employer of the FLSA Collective and New York Class and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and the NYLL.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

24.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2)  because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants are subject to personal jurisdiction in this district. At all times material hereto, Plaintiffs performed non-exempt duties for Defendants branches located in Queens and Richmond Counties in the Eastern District of New York, within the jurisdiction and venue of this Court.

26.     At all times pertinent to this Complaint, the Defendants were an enterprise engaged in interstate commerce or in  the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and  203(s).  Defendants' gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

27.     Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

28.     Throughout the relevant period, Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA and the NYLL. Defendants have substantial

control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

29.     Defendants are covered employers within the meaning of the FLSA and NYLL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

<u>**FACTS COMMON TO ALL CLAIMS**</u>

### *The FLSA Collective*

30.     The proposed FLSA Collective is defined as follows:

> All non-exempt hourly Assistant Branch Managers, Branch Operations Coordinators and/or employees in similar job positions with different titles, employed by New York Community Bank at any retail branch location throughout the United States, however variously titled, on or after June 19, 2017, who have not been paid for all overtime hours worked.

### *The New York Class*

31.      The proposed New York Class is defined as follows:

> All non-exempt hourly Assistant Branch Managers, Branch Operations Coordinators and/or employees in similar job positions with different titles, employed by New York Community Bank at any retail branch location throughout the United States, however variously titled, on or after June 19, 2014, who have not been paid for all hours worked.

### *Plaintiffs' Off the Clock Overtime*

32.     Throughout their employment as ABMs with New York Community Bank, Plaintiffs and the similarly situated employees were scheduled to work up to 40 hours per week. Plaintiffs and the other ABMs have been victims of a common policy and plan perpetuated by New York Community Bank that has violated their rights under the FLSA and NYLL by denying them overtime compensation for hours worked in excess of 40 in a workweek, including hours worked before the scheduled start time of shifts, after the scheduled end time of shifts, and during time recorded as unpaid meal breaks.

33.     Specifically, pursuant to its policies and procedures, New York Community Bank required Plaintiffs and the similarly situated ABMs to perform job duties before clocking in for the start of their scheduled shifts.  These "pre-shift" job duties include, but are not limited to, conducting security sweeps, opening the branch, and cleaning the branch.

34.     Additionally, pursuant to its policies and procedures, New York Community Bank required Plaintiffs and the similarly situated ABMs were required to clock out for their meal break, but were not completely relieved of duty during their uncompensated meal break, thereby resulting in additional off the clock work.  Specifically, Plaintiffs and similarly situated ABMs would be interrupted during their meal breaks to assist on the teller line and to do overrides.

35.     Further, pursuant to its policies and procedures, New York Community Bank required Plaintiffs and the similarly situated ABMs to perform job duties after clocking out for the end of their scheduled shifts.  These "post-shift" job duties include, but are not limited to, balancing the teller drawers, cleaning the branch, and closing the branch.

36.     Pursuant to these policies and procedures, New York Community Bank failed to record all of the hours worked by Plaintiffs and the other ABMs, thereby resulting in the failure to pay overtime in violation of the FLSA and the NYLL.

### Defendants' Off the Clock Overtime Violations

37.     Plaintiffs and the members of the proposed FLSA Collective and New York Class worked as non-exempt classified ABMs at New York Community Bank retails branches.

38.     Defendants are aware or should be aware that Plaintiffs, the proposed FLSA Collective and New York Class worked off the clock overtime hours, yet, as described herein, Defendants have failed and continue to fail to pay them all of their overtime compensation by failing

to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiffs and the proposed FLSA Collective and New York Class to work off the clock overtime hours, during which they performed the ABM duties described herein.

39.     Defendants maintain time records for all their non-exempt hourly ABMs throughout the United States.

40.     However, those time records fail to accurately reflect all of Plaintiffs' and ABMs' hours worked, based upon Defendants' policies and procedures described herein for requiring Plaintiffs and the similarly situated ABMs to work off the clock and not crediting all time worked.

41.     Based upon the policies and procedures described herein, Defendants failed to keep accurate records of hours worked by Plaintiffs, the proposed FLSA Collective and New York Class.

42.     Defendants' failure to pay Plaintiffs, the proposed FLSA Collective and New York Class for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

43.     Defendants did not inquire into the number of hours that Plaintiffs, the proposed FLSA Collective and New York Class actually worked.

## FLSA COLLECTIVE ACTION FACTS

44.     Plaintiff Lopez brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the proposed FLSA Collective.

45.     All of the work that Plaintiff Lopez and the proposed FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff Lopez and the proposed FLSA Collective have performed.

46.     As part of their regular business practice, Defendants have intentionally, willfully,

and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff Lopez and the proposed FLSA Collective. This policy and pattern or practice includes, but is not limited to:

      a.    willfully failing to pay Plaintiff Lopez and the members of the FLSA Collective overtime wages for all of the hours that they worked for Defendants in excess of 40 hours per workweek; and

      b.    willfully failing to record all of the time that its employees, including Plaintiff Lopez and the FLSA Collective, have worked for Defendants.

47.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff Lopez and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

48.    Plaintiff Lopez and the FLSA Collective all perform or performed the similar duties of ABMs at New York Community Bank's retail branches throughout the country.

49.    Plaintiff Lopez and the FLSA Collective all were compensated on an hourly basis.

50.    Plaintiff Lopez and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

51.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## NEW YORK CLASS ACTION ALLEGATIONS

52.    Plaintiffs brings the Second, Third, and Fourth Causes of Action, pursuant to NYLL and Federal Rule of Civil Procedure 23 on behalf of themselves and the proposed New York Class.

53.    All of the work that Plaintiffs and the proposed New York Class have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the proposed New York Class performed.

54.    The persons in the New York Class are so numerous that joinder of all members is

impracticable.  Although, the precise number of such persons is unknown, and facts on which the

calculation of that number can be based are presently within the sole control of Defendants.

55.     Plaintiffs' claims are typical of the claims of the members of the New York Class.

56.     Plaintiffs are adequate class representatives, committed to pursuing this action

and have retained competent counsel experienced in wage and hour law and class action

litigation.

57.     Upon information and belief, the size of the New York Class is at least 50

individuals.

58.     Common questions of law and fact exist as to the New York Class that predominate

over any questions only affecting them individually, including without limitation:

a.     whether Defendants failed to pay proper compensation for all work-hours
and violated N.Y. Lab. Law, Articles 6 and 19, and the supporting New
York State Department of Labor regulations;

b.     whether Defendants failed to keep accurate time records for all hours
worked by Plaintiffs and the New York Class;

c.     whether Defendants failed to furnish Plaintiffs and the New York Class with
an accurate statement of, inter alia, wages, hours worked, and rates paid as
required by N.Y. Lab. Law § 195;

d.     the nature and extent of the Class-wide injury and the appropriate measure
of damages sustained by Plaintiffs and the New York Class; and

e.     whether Defendants acted willfully or with reckless disregarding in its
failure to pay Plaintiffs and the New York Class.

59.     Plaintiffs Lopez and Guiffre, as the "Class Representatives," fairly and adequately

protect the interests of the New York Class and have no interests antagonistic to the New York

Class.  The New York Class Representatives are represented by attorneys who are experienced

and competent in both class litigation and employment litigation.

- 10 -

60.     The New York Class Representatives' claims are typical of those of the New York Class.  The New York Class Representatives and the other New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  The New York Class Representatives' job duties are typical of those of the New York Class members.

61.     Further, the New York Class Representatives and the New York Class have been equally affected by Defendants' failure to pay proper wages.  Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

62.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class was a whole.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

64.     This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff Lopez and the FLSA Collective)

65.     Plaintiff Lopez realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

67.     Plaintiff Lopez has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

68.     At all relevant times, Plaintiff Lopez and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

70.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71.     At all times relevant, Plaintiff Lopez was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

72.     Defendants have failed to pay Plaintiff Lopez and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

73.     Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.  Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Lopez and other similarly situated current and former employees.

74.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75.     As a result of Defendants' willful violations of the FLSA, Plaintiff Lopez and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

76.     As a result of the unlawful acts of Defendants, Plaintiff Lopez and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime Wages
### (Brought on behalf of Plaintiffs and the New York Class)

77.     Plaintiffs incorporate by reference all preceding allegations.

78.     At all times relevant, Plaintiffs and the New York Class were employees and Defendants were their employer within the meaning of the NYLL.

79.     Plaintiffs and the New York Class are covered by the NYLL.

80.     Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and the New York Class.

81.     Defendants failed to pay Plaintiffs and the New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

82.     Defendants failed to pay Plaintiffs and members of the New York Class overtime at a wage rate of one and one-half times their regular rate of pay.

83.     Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and the New York Class.

84.     Defendants' failure to pay overtime compensation to Plaintiffs and the New York Class was willful and intentional.

85.     Due to Defendants' violations of the NYLL, Plaintiffs and members of the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**NYLL – Unpaid Non-Overtime Wages**
**(Brought on behalf of Plaintiffs and the New York Class)**

86.     Plaintiffs incorporate by reference all preceding allegations.

87.     At all times relevant, Plaintiffs and the New York Class were employees and Defendants were their employer within the meaning of the NYLL.

88.     Plaintiffs and the New York Class are covered by the NYLL.

89.     Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and the New York Class.

- 14 -

90.     Defendants failed to pay Plaintiffs and the New York Class non-overtime wages to which they are entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, specifically N.Y. Lab. Law § 661(3).

91.     Defendants have a policy and practice of refusing to pay non-overtime compensation for all hours worked to Plaintiffs and the New York Class.

92.     Defendants' failure to pay non-overtime compensation to Plaintiffs and the New York Class was willful, within the meaning of N.Y. Lab. Law § 663, and intentional.

93.     Due to Defendants' violations of the NYLL, Plaintiffs and members of the New York Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### NYLL – Failure to Provide Wage Statements
### (Brought on behalf of Plaintiffs and the New York Class)

94.     Plaintiffs incorporate by reference all preceding allegations.

95.     Defendants failed to supply Plaintiffs and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement, Plaintiffs and members of the New York

Class are each entitled to damages of $100 per workweek, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

97.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement, Plaintiffs and members of the New York Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff Lopez be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Certification of this case as a class action pursuant to Rule 23;

D.     Designation of Plaintiffs Lopez and Guiffre as the New York Class Representatives, and counsel of record as Class Counsel;

E.     Unpaid overtime and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

- 16 -

F.      Unpaid non-overtime wages and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      An appropriate service award for Plaintiffs' efforts and service to the proposed FLSA Collective and New York Class; and

L.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York                    Respectfully submitted,
       June 19, 2020

                                   */s/ Michael J. Palitz*
                                   Michael J. Palitz
                                   SHAVITZ LAW GROUP, P.A.
                                   800 3rd Avenue, Suite 2800
                                   New York, New York 10022
                                   Telephone:     (800) 616-4000
                                   Facsimile:     (561) 447-8831
                                   mpalitz@shavitzlaw.com

                                   Gregg I. Shavitz*
                                   Paolo C. Meireles
                                   Logan Pardell*
                                   SHAVITZ LAW GROUP, P.A.
                                   951 Yamato Road, Suite 285
                                   Boca Raton, Florida 33431

Telephone:    (561) 447-8888
Facsimile:    (561) 447-8831
gshavitz@shavitzlaw.com
pmeireles@shavitzlaw.com
lpardell@shavitzlaw.com

*Attorneys for Plaintiffs, the proposed FLSA
Collective and New York Class*

\*to apply for admission *pro hac vice*

# Exhibit A

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), New York Community Bank, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

_____
Signature

Michelli Lopez
_____
Print Name

DocuSign Envelope ID: 7A2D9A65-4F1C-418B-90B1-CC37D5B53D0F

## CONSENT TO JOIN FORM

      1.     I consent to be a party plaintiff in a lawsuit against Defendant(s), New York Community Bank, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Joseph Giuffre*

Signature

Joseph Giuffre
_____
Print Name